(No. 3350— ▮▮▮▮▮▮▮)

RAYMOND C. LEFLER, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed June 23, 1941.

GLENN E. MILLER, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant alleges he was employed as a prison guard by the penal institution of the Division of Public Welfare at the old Illinois State Penitentiary, at Joliet, Illinois, and on January 26, 1938, at two o'clock a. m. he was stricken with acute appendicitis and immediately rushed to St. Joseph's Hospital at Joliet, Illinois, where an emergency operation was performed by Dr. W. J. Roberts of Lockport, Illinois. That as a result of said operation pneumonia developed which left claimant bedridden for a period of seven weeks, and as a result thereof claimant was not able to return to work until April 1, 1938. He charges that although he was stricken while on duty and in the course of his employment with respondent, and while furthering the interests of respondent for which he was employed, yet he has never received any compensation, wages or salary or any other remuneration from respondent for the period in which he was out of employment. He claims to be entitled to the sum of $237.50, being for two months salary at $118.75 per month, and doctors bill amounting to $148.00, nurses bills totaling $50.61, and states that he presented his bill to John Stelle, Lt. Governor of the State of Illinois and in turn the Lt. Governor turned the same over to Edward J. Hughes as Secretary of State and ex-officio secretary of the Court of Claims; that the said Hughes, as Secretary of State and ex-officio secretary of the Court of Claims advised claimant by letter to file a claim with this court. The total amount asked for is $436.11.

There is nothing alleged in the complaint showing that claimant's ailment arose out of or in the course of the employment, and there is no evidence in the record to justify a holding that the claimant's condition was accidental or arose out of or in the course of his employment. His physician, Dr. Roberts, in answer to the following question:

"The operation that you performed was an appendectomy—no relation to hernia at all? This condition that you found in Mr. Lefler's case was from an internal condition?"

A. "Yes, internal, not occupational."

The physician stated that from the appendectomy there was a complete recovery and nothing to indicate claimant had any permanent disability. The doctor stated from his experience he would say that the appendicitis in this case was not the result of any occupational ailment.

Before there can be a recovery it would be necessary for claimant to show some law upon which the court could base an, award. He has shown no legal basis for an award.

The claim will, therefore, be denied.